09-CV-01584-LTR

The Honorable_____

_____FILED _____ENTERED
_____LODGED_____RECEIVED

NOV  6 2009  DJ

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CV9  1584 MJP

| | |
|---|---|
| CASCADE FRESH, INC., a Washington Corporation, | ) Civil Action No. _____ |
| Plaintiff, | ) COMPLAINT FOR WILLFUL |
| v. | ) TRADEMARK INFRINGEMENT, |
| | ) UNFAIR COMPETITION, UNFAIR |
| | ) BUSINESS PRACTICES, AND |
| | ) BREACH OF CONTRACT |
| LIFEWAY FOODS, INC., an Illinois Corporation, | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

Plaintiff Cascade Fresh, Inc. by and through its undersigned attorneys, avers and states as follows for its Complaint:

## STATEMENT OF THE CASE

1.     This is an action asserting claims for willful trademark infringement, unfair competition, and unfair business practices under the federal Lanham Act, the common law and the laws of the State of Washington, as well as for breach of contract under the laws of the State of Washington.

## PARTIES

2.     Plaintiff Cascade Fresh, Inc. ("Cascade Fresh") is a Washington corporation, with a principal place of business at 14300 Greenwood Ave. North, Suite E, Seattle, WA 98133.

COMPLAINT ................................................................. 1

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

3.      Defendant Lifeway Foods, Inc. ("Lifeway") is an Illinois corporation having a place of business at 6431 W. Oakton Street, Morton Grove, Illinois 60053-2727.

## JURISDICTION AND VENUE

4.      This action is brought under the Lanham Act (15 U.S.C. Section 1051 *et seq.*) and the common law and statutory law of the State of Washington.

5.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. Section 1121, 28 U.S.C. Sections 1331, 1338, 2201, as well as 28 U.S.C. Section 1367(a), which provides for supplemental jurisdiction over related state-law claims.

6.      Venue in this Court is proper in this district pursuant to 28 U.S.C. Section 1391(a), in that, a substantial part of the events or omissions giving rise to the claims at issue herein occurred within this judicial district, and a substantial part of the injury to the property and rights of Plaintiff Cascade Fresh that is the subject of these claims occurred in this district. This Court has personal jurisdiction over the parties because Cascade Fresh and Defendant Lifeway entered into a contractual relationship wherein the parties each consented to jurisdiction of the United States District Court for the District of Washington. Defendant should reasonably expect to be sued in the city and state of Plaintiff's primary place of business, namely within the jurisdiction of this Court, because of Defendant's willful infringement, unfair competition, unfair business practices, and breach of contract, and Defendant is subject to personal jurisdiction in this judicial district because of its substantial and continuous contacts within this district and Washington State generally.

## PLAINTIFF CASCADE FRESH AND ITS RIGHTS

7.      Plaintiff Cascade Fresh is a family-owned corporation providing a line of natural food products across the United States, including yogurt and a line of dairy-based cultured beverages called yogurt smoothies that are sold under the trademark GO WITH THE FLOW.

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

8.     In at least as early as 2004, Plaintiff selected the GO WITH THE FLOW mark and immediately began making preparations for trademark use.  Plaintiff started commercial use of the GO WITH THE FLOW mark on dairy-based cultured beverages at least as early as July 2005 with trademark use of the mark continuing through today.  Starting at least as early as 2006, Plaintiff has continuously sold and shipped dairy-based cultured beverages bearing the GO WITH THE FLOW trademark to distributors that service the entire United States.  Plaintiff has also invested considerable funds and resources in advertising, marketing and promoting its GO WITH THE FLOW branded dairy-based cultured beverages across the United States and in Washington State.

9.     Plaintiff is the owner of U.S. Trademark Registration No. 3,573,529 for the GO WITH THE FLOW mark for "dairy-based and cultured beverages", with a first use date of July 22, 2005.

10.     As a result of Plaintiff's extensive use, promotion, and sales, its GO WITH THE FLOW mark has become known to and recognized by relevant consumers as identifying Plaintiff's quality natural food products, namely its dairy-based cultured beverage.  The GO WITH THE FLOW mark and the goodwill associated therewith are valuable assets of Plaintiff.

## DEFENDANT AND ITS ACTIVITIES

11.     Defendant Lifeway also operates in the natural food industry, selling products that compete with Plaintiff's products.  For example, Defendant sells a dairy-based cultured beverage called kefir, which competes directly in the marketplace with yogurt and yogurt based products.

12.     In the natural products market, yogurt smoothies and kefir are considered virtually identical in nature, each is the closest substitute for the other, and they are direct competitors.  Defendant's dairy-based cultured beverages are sold to the same consumers and through the same channels of trade as Plaintiff's dairy-based cultured beverages.  For example, Defendant's beverages are promoted and offered for sale at the same trade shows and in the same retail establishments as Plaintiff's beverages.

COMPLAINT ................................................................ 3

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

13.    Defendant is currently using large banners prominently displaying GO WITH THE FLOW as a slogan, separate from its Lifeway house mark, for advertising and promoting dairy-based cultured beverages that directly compete with Plaintiff's GO WITH THE FLOW branded dairy-based cultured beverages. Defendant's uses of GO WITH THE FLOW are willful violations of Plaintiff's intellectual property rights. Defendant's uses of GO WITH THE FLOW "not immediately preceded by the word 'LIFEWAY'" and "separate from 'LIFEWAY'" are also direct breaches of the express terms of a binding agreement entered into by Defendant and Plaintiff to settle a prior dispute and litigation involving activities by Defendant in 2007 that were the same as or similar to many of the those alleged in this Complaint.

## SETTLEMENT AGREEMENT BETWEEN THE PARTIES AND DEFENDANT LIFEWAY'S MULTIPLE BREACHES

14.    In 2007, Plaintiff and Defendant had a dispute involving Defendant's use of GO WITH THE FLOW in direct competition with Plaintiff's GO WITH THE FLOW branded dairy-based cultured beverages. That use of GO WITH THE FLOW by Defendant was likely to cause confusion among consumers as to the source or sponsorship of the Defendant's dairy-based cultured beverages because, for example, the simultaneous presence of both Plaintiff and Defendant at the same trade shows and the simultaneous display by both Plaintiff and Defendant of GO WITH THE FLOW, each promoting its own respective dairy-based cultured beverage, would lead a buyer or other consumer to mistakenly believe that there was a connection or association between Plaintiff and Defendant, or between their dairy-based cultured beverages, when there is not.

15.    After Lifeway rejected several business compromises proposed by Cascade Fresh, Plaintiff filed a lawsuit in this Court against Defendant, Civil Action No. CV07-0373 JLR (W.D. Wash. March 13, 2007).

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

1      16.    Following the parties' prior dispute and filing of the prior lawsuit, the parties

2    entered into a negotiated Settlement Agreement dated 11 September 2007. In that Settlement

3    Agreement, Defendant specifically agreed to "not use 'GO WITH THE FLOW' separate from

4    'LIFEWAY' under any circumstance". Under the Settlement Agreement, Plaintiff granted to

5    Defendant a limited use license that had many restrictions. One restriction stated that Defendant's

6    license from Plaintiff "is limited to use of 'GO WITH THE FLOW' only if immediately preceded

7    by the word 'LIFEWAY'". Under the Settlement Agreement, Defendant also agreed not to

8    challenge, contest or object to Plaintiff's use or registration of the GO WITH THE FLOW mark

9    on or in connection with Plaintiff's goods consistent with the Settlement Agreement.

10    17.    Little more than a year later, in early 2009, Defendant breached its contractual

11    obligations and limited use license under the Settlement Agreement. From March 4-8, 2009 at the

12    Natural Products Expo West trade show, as one example, Defendant displayed a large banner at its

13    booth using GO WITH THE FLOW no fewer than eight times separate from, and not immediately

14    preceded by, the word LIFEWAY.

15    18.    In response to Defendant's breach, Plaintiff sent a demand letter dated March 10,

16    2009 that constituted formal written notice that Defendant was using GO WITH THE FLOW

17    outside the scope of its limited use license and in material breach of the Settlement Agreement.

18    Defendant's counsel acknowledged receipt of the demand letter and assured Plaintiff's counsel

19    that Defendant would resolve the matter.

20    19.    Under the Settlement Agreement, Defendant had thirty days from the March 10,

21    2009 letter to cure its breach by ceasing use of GO WITH THE FLOW separate from LIFEWAY,

22    and to bring Defendant's use back within the scope of its limited use license by using GO WITH

23    THE FLOW only if immediately preceded by the word LIFEWAY.

24    20.    The thirty day notice and cure period passed, but in spite of Plaintiff's notice and

25    Defendant's assurance of compliance Plaintiff recently learned that Defendant continues to use

26    GO WITH THE FLOW outside the scope of its limited use license and in material breach of the

27    Settlement Agreement. For example, as shown below, from September 23-26, 2009 Defendant

COMPLAINT ................................................................. 5

displayed a large banner at its booth at the Natural Products Expo East using GO WITH THE FLOW separate from, and without being immediately preceded by, the word LIFEWAY:



21.    All use of GO WITH THE FLOW by Defendant outside the scope of the limited use license granted in the Settlement Agreement is not only a breach of that contract between the parties, it is willful trademark infringement, unfair competition and an unfair business practice. Defendant's willfulness is evidenced by, among other things, its continuing breaches of the Settlement Agreement after receiving notice of its prior breaches.

22.    Under the Settlement Agreement, Defendant agreed that Plaintiff would suffer irreparable damages in case of any breach of the Settlement Agreement by Defendant and, in that case, agreed that Plaintiff would have, among other things, the right to an injunction. Plaintiff requires a preliminary injunction in order to stop the continuing and harmful infringement Defendant willfully is continuing despite notice of Plaintiff's intellectual property rights, knowledge of Plaintiff's objections, and Defendant's clear prior agreement to not violate Plaintiff's rights.

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

**FIRST COUNT**

**WILLFUL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. SECTION 1114**

23.   Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1 through 22 of the Complaint as though fully set forth herein.

24.   Plaintiff's GO WITH THE FLOW mark and trade name are designations of origin that identify Plaintiff as the exclusive source of its goods, and distinguish Plaintiff's goods from the goods of others in the marketplace, including its dairy-based cultured beverages.

25.   Defendant's use of the GO WITH THE FLOW mark outside the scope of the limited use license granted in the Settlement Agreement is likely to cause consumer confusion and mistake and is an infringement of Plaintiff's U.S. Trademark Registration 3,573,529 for the GO WITH THE FLOW mark. Such use includes Defendant's banners using GO WITH THE FLOW separate from, and not immediately preceded by, the word LIFEWAY at trade shows where consumers of both Defendant's and Plaintiff's dairy-based cultured beverages are likely to be deceived or confused into believing that Defendant and its dairy-based cultured beverages or trade show booth are sponsored by, approved by, or affiliated with Plaintiff.

26.   Defendant's use of GO WITH THE FLOW outside the scope of the limited use license granted in the Settlement Agreement constitutes trademark infringement under 15 U.S.C. § 1114. Such use is likely to cause confusion or mistake or to deceive others as to the affiliation, connection, or association of Defendant with Plaintiff and vice versa. It is also likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of Plaintiff's marked dairy-based cultured beverages because of Defendant's advertisements and banners having the same mark.

27.   Despite actual knowledge of Plaintiff's rights and despite agreeing in the Settlement Agreement not to make unlicensed or unauthorized use of the GO WITH THE FLOW mark as described above, Defendant is continuing its acts of infringement. Defendant's actions

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

1    are therefore willful, intentional and deliberate, making this an exceptional case within the

2    meaning of 15 U.S.C. § 1117.

3        28.    Plaintiff has been, and will continue to be, damaged by Defendant's willful

4    infringement in a manner and amount that cannot be fully measured or compensated in economic

5    terms. Defendant's actions have damaged, and will continue to damage, Plaintiff's market,

6    reputation, and goodwill, and may discourage current and potential customers from dealing with

7    Plaintiff. Such irreparable harm will continue unless Defendant's acts are restrained and/or

8    enjoined preliminarily and permanently.

9        29.    Plaintiff has been damaged by Defendant's actions in an amount to be proven at

10    trial.

11    ### SECOND COUNT

12    ### WILLFUL UNFAIR COMPETITION UNDER 15 U.S.C. SECTION 1125

13

14        30.    Plaintiff realleges and incorporates by reference the allegations of Paragraphs 1

15    through 29 of the Complaint as though fully set forth herein.

16        31.    Plaintiff's GO WITH THE FLOW mark and trade name are designations of origin

17    that identify Plaintiff as the exclusive source of its goods, and distinguish Plaintiff's goods from

18    the goods of others in the marketplace, including its dairy-based cultured beverages.

19        32.    Defendant's use of the GO WITH THE FLOW mark outside the scope of the

20    limited use license granted in the Settlement Agreement is likely to cause consumer confusion and

21    mistake. Such use includes Defendant's banners using GO WITH THE FLOW separate from, and

22    not immediately preceded by, the word LIFEWAY at trade shows where buyers and other

23    consumers of both Defendant's and Plaintiff's dairy-based cultured beverages are likely to be

24    deceived or confused into believing that Defendant and its dairy-based cultured beverages or

25    trade show booth are sponsored by, approved by, or affiliated with Plaintiff.

26

27

33.     Defendant's use of GO WITH THE FLOW outside of the scope of the limited use license granted in the Settlement Agreement constitutes false designation of origin, false or misleading description, and/or false or misleading representation. Defendant's use of Plaintiff's GO WITH THE FLOW mark and trade name (or confusingly similar variations thereof) outside of the scope of the limited use license granted in the Settlement Agreement is likely to cause confusion or mistake or to deceive others as to the affiliation, connection, or association of Defendant with Plaintiff and vice versa. It is also likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval with regards to Plaintiff's marked dairy-based cultured beverages and Defendant's advertisements or banners having the mark.

34.     Such false designation, description, and/or representation constitute unfair competition and are an infringement of Plaintiff's rights in its GO WITH THE FLOW mark and trade name in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a).

35.     Despite actual knowledge of Plaintiff's rights and promising in the Settlement Agreement not to make unlicensed use of the GO WITH THE FLOW mark as described above, Defendant is continuing its acts of unfair competition. Defendant's actions are therefore willful, intentional and deliberate, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

36.     Plaintiff has been, and will continue to be, damaged by Defendant's willful false description, false representation, false designation of origin, and other acts of unfair competition in a manner and amount that cannot be fully measured or compensated in economic terms. Defendant's actions have damaged, and will continue to damage, Plaintiff's market, reputation, and goodwill, and may discourage current and potential customers from dealing with Plaintiff. Such irreparable harm will continue unless Defendant's acts are restrained and/or enjoined preliminarily and permanently.

37.     Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial.

COMPLAINT ................................................................ 9

### THIRD COUNT

### WILLFUL COMMON LAW TRADE NAME AND TRADEMARK INFRINGEMENT

38.    Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 37 of the Complaint.

39.    Defendant's use of the GO WITH THE FLOW mark outside of the scope of the limited use license granted in the Settlement Agreement is likely to cause confusion and mistake. Such use of Plaintiff's trademark and trade name by Defendant is likely to deceive or confuse others into believing that Defendant's activities using the GO WITH THE FLOW mark separate from, and not immediately preceded by "LIFEWAY", are sponsored by, approved by, or affiliated with Plaintiff, which they are not.

40.    Defendant's acts, as above alleged, constitute infringement of Plaintiff's trademark and trade name rights in violation of the common law.

41.    Despite actual knowledge of Plaintiff's rights and promising in the Settlement Agreement not to make unlicensed use of the GO WITH THE FLOW mark as described above, Defendant is continuing its acts of infringement.  Defendant's actions are therefore willful, intentional and deliberate.

42.    Plaintiff has been and continues to be damaged in a manner that cannot be fully measured or compensated in economic terms and for which there is no adequate remedy at law. Defendant's actions have damaged and will continue to damage Plaintiff's market, reputation, and goodwill.

43.    Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial.

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

## FOURTH COUNT

## WILLFUL UNFAIR COMPETITION AND UNFAIR BUSINESS PRACTICE

## UNDER R.C.W. SECTION 19.86.020

44.      Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 43 of this Complaint, as if set forth fully herein.

45.      Defendant's use of the GO WITH THE FLOW mark outside of the scope of the limited use license granted in the Settlement Agreement constitutes an unfair method of competition and an unfair business practice that is damaging to the public interest in violation of the Washington Consumer Protection Act, R.C.W. Section 19.86.020.

46.      Plaintiff has been damaged by Defendant's actions in an amount to be proven at trial.

47.      Plaintiff has been and will continue to be irreparably injured by reason of Defendant's willful unfair competition and unfair business practices in violation of the Washington Consumer Protection Act.  Such irreparable damage will continue unless the acts of Defendant are enjoined.

48.      Despite actual knowledge of Plaintiff's intellectual property rights and promising in the Settlement Agreement not to make unlicensed use of the GO WITH THE FLOW mark as described above, Defendant is continuing its acts of unfair competition and unfair trade practices. Defendant's actions are therefore willful, intentional and deliberate.

## FIFTH COUNT

## BREACH OF CONTRACT

49.      Plaintiff realleges and incorporates by reference the allegations set forth in paragraphs 1 through 48 of this Complaint, as if set forth fully herein.

50.      Defendant Lifeway entered the Settlement Agreement dated 11 September 2007 and accepted the legal duty of a limited use license under which Defendant was licensed to use "'GO WITH THE FLOW' only if immediately preceded by the word 'LIFEWAY', namely

1    'LIFEWAY GO WITH THE FLOW' or 'LIFEWAY | GO WITH THE FLOW'", and expressly

2    accepted the legal duty to "not use 'GO WITH THE FLOW' separate from LIFEWAY under any

3    circumstance".

4        51.    Plaintiff has complied, and continues to comply, with its obligations under the

5    Settlement Agreement between the parties, and has provided the requisite notification of breach to

6    Defendant and opportunity for Defendant to remedy such breach.  Despite such notice and

7    opportunity to remedy its breach of the Settlement Agreement, and promise not to continue with

8    its breaching activities, Defendant continues to breach the Settlement Agreement by using GO

9    WITH THE FLOW separate from, and not immediately preceded by, LIFEWAY.

10        52.    Despite actual knowledge of Plaintiff's intellectual property rights and entering the

11    Settlement Agreement with provisions to not make unlicensed use of the GO WITH THE FLOW

12    mark as described above, Defendant is continuing its breaching activities.  Defendant's actions are

13    therefore willful, intentional, deliberate and in bad faith.  Defendant's breaches of the Settlement

14    Agreement are material breaches that deprive Plaintiff of a benefit it reasonably expected under

15    the Settlement Agreement, and Defendant's continuing breaches show that it is not likely to cure

16    its breaches without Court intervention.

17        53.    Plaintiff has been and will continue to be irreparably injured by reason of

18    Defendant's breach of the Settlement Agreement between the parties.  Such irreparable damage

19    will continue unless the acts of Defendant are enjoined.  As part of the Settlement Agreement

20    between the parties, Defendant agreed that any breach would cause irreparable damage to the non-

21    breaching party and that, in the event of a breach, the non-breaching party shall have, in addition

22    to any remedies at law, the right to an injunction, specific performance or other equitable relief to

23    remedy or redress said breach.

24        54.    Plaintiff has been damaged by Defendant's breaches in an amount to be proven at

25    trial.

26                        **PRAYER FOR RELIEF**

27        WHEREFORE, Plaintiff respectfully prays for judgment against Defendant as follows:

1       1.     That Defendant, and its affiliates, officers, agents, servants, employees, attorneys,

2   and all other persons in active concert or participation with any of them, be ordered to specifically

3   perform its obligations under the Settlement Agreement entered into between the parties.

4       2.     That Defendant, and its affiliates, officers, agents, servants, employees, attorneys,

5   and all other persons in active concert or participation with any of them, be preliminarily and

6   permanently enjoined and restrained from using the GO WITH THE FLOW mark or any other

7   confusingly similar mark.

8       3.     That Defendant, and its affiliates, officers, agents, servants, employees, attorneys,

9   and all other persons in active concert or participation with any of them, be preliminarily and

10   permanently enjoined and restrained from all acts of false description and representation and false

11   designation of origin, and all acts of unfair competition, including the use of the GO WITH THE

12   FLOW mark or any other confusingly similar mark.

13       4.     That Defendant, and its affiliates, officers, agents, servants, employees, attorneys,

14   and all other persons in active concert or participation with any of them, be preliminarily and

15   permanently enjoined and restrained from all manufacture, purchase, promotion, sale, and use of

16   any products, packaging, advertising, labels, or other sales or shipping material that infringe

17   Plaintiff's GO WITH THE FLOW mark, including retail web sites such as www.lifeway.net, and

18   products, packaging, advertising, labels, or other sales or shipping material having the GO WITH

19   THE FLOW mark or any other confusingly similar mark.

20       5.     That Defendant, and its affiliates, officers, agents, servants, employees, attorneys,

21   and all other persons in active concert or participation with any of them, be ordered to deliver to

22   all products, packaging, advertising, banners, labels, or other sales, shipping, and trade show

23   materials in their possession or control to Plaintiff that infringe Plaintiff's GO WITH THE FLOW

24   mark, including products, packaging, advertising, labels, or other sales or shipping material having

25   the GO WITH THE FLOW mark or any other confusingly similar mark.

26       6.     That Defendant, and its affiliates, officers, agents, servants, employees, attorneys,

27   and all other persons in active concert or participation with any of them, be ordered to withdraw

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900

1    and/or cancel all trademark, service mark, or any other type of trademark application filed in the

2    United States and elsewhere for the GO WITH THE FLOW mark or any other confusingly similar

3    mark.

4       7.  That Defendant be directed to file with this Court and serve on Plaintiff within

5    thirty (30) days after the service of an injunction a report in writing, under oath, setting forth in

6    detail the manner and form in which Defendant and its affiliates, officers, agents, servants,

7    employees, attorneys, and all other persons in active concert or participation with any of them

8    have complied with the injunction.

9       8.  That Defendant be required to pay Plaintiff such damages as Plaintiff has

10    sustained, or will sustain, in consequence of Defendant's false description and representation, false

11    designation of origin, unfair competition, trademark infringement, and breach of contract, and to

12    account for all gains, profits, and advantages derived by Defendant that are attributable to such

13    unlawful acts, and that such damages be trebled as provided by 15 U.S.C. Section 1117, the

14    common law and the laws of the State of Washington.

15       9.  That the Court finds Defendant's infringement, false designation of origin and

16    unfair competition willful, and adjudge this to be an exceptional case and award Plaintiff its

17    reasonable attorneys' fees as provided by 15 U.S.C. § 1117.

18       10.  That Defendant be ordered to pay Plaintiff such damages as Plaintiff has sustained

19    in consequence of Defendants' unfair business practices and unfair competition, together with

20    Plaintiff's costs of suit including reasonable attorneys' fees, and that such damages be trebled, as

21    provided by R.C.W. 19.26.090.

22       11.  That Defendant be ordered to pay Plaintiff (1) Defendant's profits, (2) any

23    damages sustained by the Plaintiff, and that those damages be at least trebled, and (3) the costs of

24    the action, as provided by 15 U.S.C. § 1117 and other provisions of law.

25       12.  That Defendant be ordered to pay Plaintiff prejudgment and postjudgment interest

26    on all sums allowed by law.

27

COMPLAINT ................................................................ 14

1      13.    That Plaintiff be declared the senior user with priority to the GO WITH THE

2    FLOW mark in Washington State and across the United States with respect to Defendant.

3      14.    That Defendant be ordered to pay to Plaintiff its costs incurred in this action.

4      15.    That Plaintiff have such other and further relief as this Court may deem just and

5    proper.

6                          **DEMAND FOR JURY TRIAL**

7        Plaintiff demands a trial by jury as to all issues so triable.

8        DATED this 6th day of November, 2009, at Seattle, Washington.

9

10                              Respectfully submitted,

11                              SEED IP Law Group PLLC

12

13                              _____
                                Kevin S. Costanza, WSBA No. 25,153
14                              Nathaniel E. Durrance, WSBA No. 41,627
                                701 Fifth Avenue, Suite 5400
15                              Seattle, Washington 98104
                                Telephone:  (206) 622-4900
16

17                              Attorneys for Plaintiff
                                CASCADE FRESH, INC.
18    1494465_1.DOC

19

20

21

22

23

24

25

26

27

SEED IP Law Group PLLC
701 Fifth Avenue, Suite 5400
Seattle, Washington 98104
(206) 622-4900